**In re Janice Underdown BASON, Debtor.**

**Bankruptcy No. 1–80–02230.**

United States Bankruptcy Court,
E. D. Tennessee.

April 23, 1982.

Larry B. Nolen, Athens, Tenn., for debtor, Janice Underdown Bason.

James F. Watson, Athens, Tenn., for Liberty Bank of Tennessee.

MEMORANDUM

RALPH H. KELLEY, Bankruptcy Judge.

The debtor filed an Application to Redeem a 1978 Pontiac automobile for

$2,093.02.* Debtor alleges this is the balance owed on the automobile financed by the Liberty Bank of Tennessee.

The bank objects to the proposed redemption by asserting that the redemption price should be $5,000.00, which is the present value of the automobile.

About two months after the bank financed the automobile transaction, debtor and her husband made a construction loan with the bank. For reasons unrelated to this decision, the construction of the home was abandoned. The bank foreclosed and there was a deficiency of $19,131.87.

It is the bank's contention that a portion of the deficiency is secured by debtor's equity in the automobile.

The installment note and security agreement on the automobile contained certain printed language as follows:

A security interest in the following property is being acquired at the time of this loan: _____
(then hand-written is the following:) ____
1978 PONTIAC GRAND PRIX _____
SERIAL # 2J37Y8A206461 _____

Other small print included the following:

This obligation and any other and future debts or advances to (made at Bank's option) any of the obligors are secured by all property of any of the obligors heretofore or hereafter in the possession of or pledged to the Bank or as to which the Bank acquires a security interest or lien,
. . . .

In connection with the automobile loan the bank officer used a "form" agreement. While he knew the contents of the agreement, the bank officer gave no thought to the future advances clause. He did not discuss the clause with the debtor. The debtor had no actual knowledge of the clause and had no intention for the automobile to secure other loans.

There is no proof that when it made the construction loan for the home the bank relied on the security interest in the automobile. It was not discussed. The bank and debtor had no actual intent for the loan to be secured by anything but the real estate.

The bank argues that the future advances clause is valid and covers the real estate loan. In the opinion of the court the argument is not well taken. In some instances a future advances clause may be enforceable.

Tennessee Code Annotated § 47–9–204(5) validates future advance clauses:

Obligations covered by a security agreement may include future advances or other value whether or not the advances or value are given pursuant to commitment.

Obligations which rely on the express validation of future advance arrangements under the Uniform Commercial Code, must be considered in terms of legitimate purpose. In the present dispute the legitimate purpose of the future advances clause has been exceeded. As Professor Gilmore notes in Volume 2 of his treatise, *Security Interests in Personal Property*, at page 932, the enactment of the U. C. C. does not overrule pre-code "dragnet" cases; pointing out that the device may be abused.

Counsel for defendant bank would have the court find abuse only where provisions are so "grossly inequitable or outrageous as to shock the conscience." Brief at p. 3. The court feels it would be an abuse to enforce an agreement which was not intended to secure a subsequent, unrelated loan. A future advances clause in a security agreement covers *only* advances shown to have been within the contemplation of the parties at the time the security agreement was signed. The parties did not contemplate further advances at the time the security agreement was signed.

---

* 11 U.S.C. § 722 provides:

An individual debtor may, whether or not the debtor has waived the right to redeem under this section, redeem tangible personal property intended primarily for personal, family, or household use, from a lien securing a dis-chargeable consumer debt, if such property is exempted under section 522 of this title or has been abandoned under section 554 of this title, by paying the holder of such lien the amount of the allowed secured claim of such holder that is secured by such lien.

Abuse of the clause has been found by some courts when the subsequent debt is not of the same class as the primary obligation. *Marine National Bank v. Airco, Inc.*, 389 F.Supp. 231, 17 U.C.C.Rep. 291 (W.D. Pa.1975); *Pellagrini v. National Bank*, 28 U.C.C.Rep.Serv. 209 (D.C.Supr.Ct.1980); *Security Bank v. First National Bank*, 565 S.W.2d 623 (1978); 2 G. Gilmore, supra § 35.5.

Tennessee courts both before and after adoption of the Uniform Commercial Code have upheld future advance clauses without application or discussion of the same class or relatedness test. *Murdock Acceptance Corporation v. Jones*, 50 Tenn.App. 431, 362 S.W.2d 266 (1961). Likewise, in *Wright v. Lincoln County Bank*, 62 Tenn.App. 560, 465 S.W.2d 877 (1970), the Tennessee Court of Appeals looked only to the clear and unambiguous language of the clause for validation.

We agree with the observation made in *Third National Bank of Nashville v. Johnson*, 31 U.C.C.Rep.Serv. 291 (Bankr.M.D. Tenn.1981). Judge Hippe concluded that Tennessee courts would apply the "same class" test, but it had been unnecessary in *Murdock* and *Wright*, since both debts were of a similar business nature. Concluding that the relatedness rule applied, Judge Hippe ruled that a future advance clause with respect to consumer goods can only make them secure subsequent consumer debts.

Consistently, Judge Clive Bare in *In re White Plumbing and Heating Co.*, 6 U.C.C. Rep.Serv. (Bankr.E.D.Tenn.1969) discussed the relatedness doctrine in finding subsequent loans to be secured by the original loan. It was carefully observed that the loans were "not unrelated," and were "of the same class as the primary obligation..."

In the present case, the parties did not intend that non-related advances be covered by the printed future advance clause. The automobile loan and the construction loan were separate, distinct, and different in purpose.

The security interest will be limited to the actual balance owing on the automobile. The bank's objection to the redemption amount is denied.

This memorandum constitutes findings of fact and conclusions of law. Bankruptcy Rule 752.